IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INTEL CORPORATION,

    Plaintiff,

  v.

PACT XPP SCHWEIZ AG,

    Defendant.

                                   /

No. C 19-02241 WHA

**NOTICE REGARDING CASE MANAGEMENT**

       This notice sets forth the Court's tentative view of how this case should be managed. This is based on a review of the complaint. Counsel should take this notice into account at the Rule 26(f) conference. The Court is, of course, open to persuasion to different approaches.

       In this action for declaratory relief, Intel seeks a declaratory judgment that certain of its products do not infringe any valid claim of the twelve patents at issue assigned to defendant. Under these circumstances, defendant is entitled to full discovery from Intel on the products for which a declaratory judgment is sought, subject only to reasonable proportionality. Otherwise, it would be unfair to impose a judgment against the patent owner holding that Intel's products have a clean bill of health. The burden is not on the patent owner. Due to Intel's having commenced this action, the burden is on Intel to prove it does not infringe.

      No motions relating to infringement or validity shall be filed by Intel until after the patent owner has had a full and fair opportunity for discovery to meet the issues raised by Intel. It shall not be an excuse to deny or delay discovery on the ground that Intel also contends that

one or more claims-in-suit are invalid. Any failure by Intel to produce such full and fair discovery may well lead to a dismissal of Intel's entire action, for he who seeks equity (a declaration of no infringement) must do equity (provide full and fair discovery). All discovery shall be supervised by a magistrate judge to be selected.

After full and fair discovery has been allowed, as will initially be determined by the magistrate judge, the patent owner shall be required to disclose its infringement contentions and to file any infringement counterclaims (and answer).

The only motion for summary judgment that may be made before the completion of discovery shall be a motion for summary judgment based on the alleged covenant not to sue. After that motion is filed, the opposing side may have eight weeks of discovery (on that motion) prior to filing its opposition.

No trial date shall be set until all discovery has been completed.

**IT IS SO ORDERED.**

Dated: May 23, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE